**UNITED STATES**

v.

**Kenneth H. WESTFIELD, 238 90 1901, Seaman Apprentice (E–2), U. S. Naval Reserve.**

**NCM 79 0510.**

U. S. Navy Court of Military Review.

Sentence Adjudged 2 Jan. 1979.

Decided 8 Aug. 1979.

CAPT Edward V. Cassidy, Jr., USMCR, Appellate Defense Counsel.

LT Anne L. Mac Arthur, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant stands convicted of two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The sentence approved on review below provides for a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $100.00 per month for 3 months.

In his single assignment of error on appeal, appellant alleges that the military judge erred in denying his motion to dismiss the charges for lack of *in personam* jurisdiction. Appellant testified at trial that he told his recruiter prior to enlistment that he had used marijuana, that he had been rejected for enlistment on a previous occasion, and that he had a civilian police record. The record of trial indicates no effort to obtain the required waiver from higher authority for appellant's enlistment.

The recruiter also testified and stated that appellant had not told him about prior marijuana usage (R. 18) or any previous attempt to enlist in the Navy (R. 21). The recruiter did acknowledge that he had not processed appellant for a waiver of his civilian offenses, since he did not believe it necessary. (R. 27).

In denying the motion to dismiss the charges, the military judge found that appellant had revealed his marijuana usage

and his prior offenses to his recruiter. (R. 35). We accept the military judge's conclusions in this regard. We also concur in the military judge's conclusion, however, that fairness does not require dismissal of the charges under the circumstances of this case. The record of trial reveals that in August 1977, several months after appellant's enlistment, it became known that appellant had been enlisted without the necessary waiver for his civilian police record. He was processed for discharge due to fraudulent enlistment. Because of the possible recruiter misconduct, appellant was given an opportunity to avoid his enlistment contract. At this time, however, appellant consciously chose to remain in the Navy. Appellant also chose at this time to conceal from military authorities his preservice use of marijuana which required a similar waiver from higher authority. This concealment was obviously designed to mislead the Navy into retaining appellant.

In *United States v. Russo*, 1 M.J. 134 (C.M.A.1975), the Court of Military Appeals repeated its earlier holding that " 'fairness prevents the Government from  .  .  . relying upon a constructive enlistment as a jurisdictional base' where Government agents acted improperly in securing an individual's enlistment." The Court also indicated that "the Government would be obligated to terminate an enlistment where a recruiter knowingly enlisted or aided in enlisting an individual who had given timely notice that he was disqualified for military service." *Id.* at 137.

Although their factual situations are somewhat different from that found in the instant case, the recent decisions in *United States v. Wagner*, 5 M.J. 461 (C.M.A.1978), and *United States v. Harrison*, 5 M.J. 476 (C.M.A.1978), provide insight as to the thinking of the Court of Military Appeals on the question of "fairness" in enlistments. In *Wagner*, the Court indicates that, where no matter of duress, imposition, ignorance, or intoxication is involved, it would be extremely unreasonable to allow an enlistee to conceal an incidental disqualification at the time of enlistment and then assert it at a later date in bar of court-martial. 5 M.J. at 468. In *Harrison*, the Court instructs that "absent the formalities of a valid enlistment contract, court-martial jurisdiction over a purported service member should be exercised only where the Government has not acted unfairly in the first instance in placing such a person in the military environment." 5 M.J. at 481.

The military judge apparently did not believe appellant had told his recruiter of his prior attempt to enlist in the Navy. We would concur in this conclusion. The judge did find that the recruiter was aware of appellant's preservice offenses for which a waiver was required. As previously noted, the recruiter admitted as much, indicating he did not believe a waiver was required. Of course, even if the failure of the recruiter to obtain a waiver cannot be justified as simple negligence, *see United States v. Valadez*, 5 M.J. 470 (C.M.A.1978), appellant was subsequently afforded an opportunity to avoid his enlistment and he declined to do so.

The problem in this case centers on the preservice use of marijuana. We believe the military judge was correct in finding that appellant had told his recruiter of such usage. A deliberate failure to obtain the necessary waiver would ordinarily cause the enlistment to be void and defeat *in personam* jurisdiction in a court-martial. *See United States v. Robbins*, 7 M.J. 618 (N.C.M.R.1978), *cert. filed* 6 M.J. 154 (C.M. A.1978).[1] We do not consider this to be the ordinary case, however. Appellant had the right to terminate his enlistment for recruiter misconduct. *United States v. Russo* and *United States v. Wagner*, both *supra*. He was presented the opportunity to do so when he was processed for fraudulent enlistment because of his preservice civilian offenses. This would have been the time for appellant to raise his preservice marijuana use if he really wanted to terminate his enlistment. Appellant did not mention his marijuana usage, and he indicated that he wanted to remain in the Navy. Appel-

---

1. *But see* dissenting opinion of Judge Granger in *Robbins*.

lant did continue to serve for several more months before commencing the unauthorized absences involved in this case. The basis for a valid constructive enlistment is present.

■ Evaluating all the circumstances of this case, we find that "the Government has not acted unfairly in the first instance in placing such a person in the military environment." *United States v. Harrison, supra.* For this reason, it would be "extremely unreasonable to allow [this appellant] to conceal an incidental disqualification at the time of enlistment [or when afforded an opportunity to terminate his enlistment] and then assert it at a later date in bar of court-martial jurisdiction." *United States v. Wagner, supra.* By his decision to not raise the matter of preservice marijuana usage and to forego the opportunity to terminate his enlistment, appellant has also foregone the right to challenge *in personam* jurisdiction over him in this case.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR concurs.

GLADIS, Judge (concurring):

The issue in this case is whether recruiter misconduct in concealing the accused's preservice use of marijuana and failure to obtain a required waiver of the accused's record of civilian offense precludes the Government from relying on a constructive enlistment, where the accused was processed for discharge by reason of fraudulent enlistment, but was retained in the Navy at his request. It does not.

Accepting the trial judge's determination that the accused informed the recruiter of his preservice use of marijuana, a disqualifying defect in the absence of a waiver, I agree that the concealment of the defect and enlistment of the accused whom the recruiter knew to be disqualified was misconduct which rendered the accused's original enlistment invalid and consequently unenforceable for the purposes of court-martial jurisdiction. *See United States v. Valadez,* 5 M.J. 470, 475 (C.M.A.1978); *United States v. Russo,* 1 M.J. 134 (C.M.A.1975);

*United States v. Robbins,* 7 M.J. 618 (N.C. M.R.1978), *cert. filed,* 6 M.J. 154 (C.M.A. 1978). The processing of the accused for discharge by reason of fraudulent enlistment and his retention at his request were tantamount to a new enlistment. The new enlistment, albeit a constructive enlistment because of the absence of the formalities of an enlistment contract, was untainted by the first enlistment. This is not a situation in which the initial enlistment is intended to and does lead to the second and in which the misconduct of the recruiter in the first enlistment smooths the path for a second enlistment in violation of regulations. *Cf. United States v. Torres,* 7 M.J. 102 (C.M.A. 1979). When processed for discharge pursuant to regulations which were designed to protect the integrity of the enlistment process, but, in effect, authorized waiver of known disqualifications in appropriate cases, the accused freely chose to remain in the service. His undisclosed preservice use of marijuana did not void the new enlistment because the Government acted reasonably and fairly in effecting it and it was not the natural, foreseeable result of the first. *See United States v. Valadez* and *United States v. Torres,* both *supra; United States v. Harrison,* 5 M.J. 476 (C.M.A.1978). Consequently, court-martial jurisdiction may be properly predicated on the second, constructive enlistment.